UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARCO NUSEIRI,

    *Plaintiff,*

– against –

KOSHER BRAVO PIZZA LLC *d/b/a* YOSSI'S PIZZA; BRAVO EXPRESS NYC LLC *d/b/a* YOSSI'S BAGELS *a/k/a* BRAVO BAGELS; and YOSSEF AZIZO,

    *Defendants.*

**MEMORANDUM & ORDER**
25-cv-00764 (NCM) (VMS)

---

**NATASHA C. MERLE**, United States District Judge:

Plaintiff Marco Nuseiri brings this Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action against his alleged former employers Yossef Azizo, Kosher Bravo Pizza LLC d/b/a Yossi's Pizza ("Yossi's Pizza"), and Bravo Express NYC LLC d/b/a Yossi's Bagels ("Yossi's Bagels") (collectively, "defendants"). Before the Court is defendants' motion to dismiss the complaint on res judicata grounds pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mot., ECF No. 21.[1] For the reasons stated below, defendants' motion is **DENIED**.

---

[1]     The Court hereinafter refers to defendants' Memorandum of Law in Support of their Motion to Dismiss, ECF No. 21, as the "Motion"; plaintiff's Memorandum of Law in Opposition to Defendants' Motion, ECF No. 22, as the "Opposition"; and defendants' Reply Memorandum of Law in Further Support of the Motion, ECF No. 23, as the "Reply."

1

## BACKGROUND

Nuseiri alleges that he worked at Yossi's Bagels and Yossi's Pizza from July 1, 2022 through approximately April 14, 2024. Compl. ¶ 50, ECF No. 1. During that time, the two restaurants operated as a single enterprise owned and controlled by defendant Azizo. Compl. ¶¶ 25, 42. Plaintiff alleges that during his employment defendants failed to pay him minimum wage, overtime, and spread-of-hours compensation as required by the FLSA and NYLL. *See* Compl. ¶¶ 73–108. Plaintiff also claims that defendants violated the NYLL by failing to provide him with required wage notices and statements. *See* Compl. ¶¶ 109–16.

## STANDARD OF REVIEW

When deciding a motion to dismiss, a district court must "accept[] all factual claims in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 403 (2d Cir. 2014).[2] Factual disputes are typically not the subject of the Court's analysis, as Rule 12 motions "probe the legal, not the factual, sufficiency of a complaint." *Plastic Surgery Grp., P.C. v. United Healthcare Ins. Co. of N.Y., Inc.*, 64 F. Supp. 3d 459, 468–69 (E.D.N.Y. 2014). That is, "the issue" on a motion to dismiss "is not whether a plaintiff will ultimately prevail" but instead whether a plaintiff is "entitled to offer evidence to support the claims." *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012).

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is

---

[2]    Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

2

plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). Although the Court takes all factual allegations contained in the complaint as true, it does not do so for legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Defendants move to dismiss the complaint under Rule 12(b)(6), arguing that Nuseiri's claims are barred by res judicata. According to defendants, Nuseiri made a $150,000 investment to Azizo for the right to operate a New Jersey branch of Azizo's kosher pizza restaurant enterprise. Mot. 5.³ Defendants further claim that Nuseiri was permitted to shadow employees at defendants' pizza restaurants so he could learn how to operate the new branch, but that he was not permitted to aid or assist in daily tasks at the restaurants. Mot. 5. Shortly thereafter, however, Nuseiri and Azizo's business relationship fell apart. At that time, Nuseiri and Azizo agreed to arbitrate any "disputes and controversies . . . respecting . . . the [P]artnership," "and everything that branches out of it," before a rabbinical court applying Jewish law.⁴ Decl. of Yossef Azizo Ex. 1 at 2–3

---

³ Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

⁴ While the arbitration is not referenced in the complaint, plaintiff does not dispute the authenticity of the arbitration documents submitted by defendants. As such, the Court finds that the existence of the Arbitration Agreement and Arbitration Decision are facts "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see Gorbaty v. Kelly*, No. 01-cv-08112, 2003 WL 21673627, at *2 n.3 (S.D.N.Y. July 17, 2003) (taking judicial notice of arbitration complaint and award). The Court takes judicial notice "only to determine what the documents stated, . . . not to prove the truth

3

("Arbitration Agreement"), ECF No. 24-1; *see* Mot. 5–6. The rabbinical court issued a decision ordering Azizo to return the $150,000 to Nuseiri and declaring Azizo the sole owner of the New Jersey restaurant. *See* Decl. of Yossef Azizo Ex. 2 ("Arbitration Decision") at 2, ECF. No. 24-2. Defendants argue that this arbitral judgment precludes the wage claims here because they "branch[] out of" the Partnership dispute. Mot. 5–6.

The doctrine of res judicata provides that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *See Brown Media Corp. v. K&L Gates, LLP,* 854 F.3d 150, 157 (2d Cir. 2017). Under New York preclusion law, "final judgments in arbitration, and state court judgments confirming arbitration awards, are entitled to res judicata."[5] *Weinraub v. Glen Rauch Sec., Inc.*, 399 F. Supp. 2d 454, 459 (S.D.N.Y. 2005); *see also Jacobson v. Fireman's Fund Ins. Co.*, 111 F.3d 261, 266 (2d Cir. 1997) (rejecting the argument that an "unconfirmed arbitrator's determination cannot furnish the basis for res judicata"); *Mahler v. Campagna*, 876 N.Y.S.2d 143, 145–46 (2d Dep't 2009) ("The

---

of their contents." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (emphasis omitted).

[5] The Court references New York preclusion law because the arbitral award was issued in Brooklyn, New York, *see* Arbitration Decision 2, and courts generally apply "the preclusion laws of the state in which the judgment was issued," *Nestor v. Pratt & Whitney*, 466 F.3d 65, 71 (2d Cir. 2006). *See also Mahler*, 876 N.Y.S.2d at 145–46 (explaining that arbitration awards carry the same preclusive effect for res judicata purposes as court judgments); *In re Drexel Burnham Lambert Grp., Inc.*, 161 B.R. 902, 907 (S.D.N.Y. 1993) (collecting Second Circuit cases holding the same under federal law). The Court notes, however, that "whether federal law or state law should govern a federal court's determination of the preclusive effect of an arbitral award" is "a question that unfortunately has not been much developed." *Pike v. Freeman*, 266 F.3d 78, 90 n.14 (2d Cir. 2001). "Because there appears to be no significant difference between New York preclusion law and federal preclusion law, however, [the Court] need not base [its] analysis of [defendant's] res judicata claim on only one of these sources of preclusion law." *Id.*

4

doctrines of res judicata and collateral estoppel apply to arbitration awards with the same force and effect as they apply to judgments of a court."). A claim is precluded by res judicata under New York law if "a judgment on the merits exists from a prior action between the same parties involving the same subject matter." *Beijing Neu Cloud Oriental Sys. Tech. Co. v. Int'l Bus. Machs. Corp.*, 110 F.4th 106, 114 (2d Cir. 2024) (quoting *In re Hunter*, 4 N.Y.3d 260, 269 (2005)).

A prior action is between the same parties if the parties are actually identical or if the parties are "in privity." *Ferris v. Cuevas*, 118 F.3d 122, 126 (2d Cir. 1997). Under New York law, privity "includes those who are successors to a property interest, those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and possibly coparties to a prior action." *Id.* (quoting *Watts v. Swiss Bank Corp.*, 27 N.Y.2d 270, 277 (1970)) (emphasis omitted). The principal question is whether the parties' "interests were represented in the prior action." *Leon v. Shmukler*, 992 F.Supp.2d 179, 189 (E.D.N.Y. 2014).

A prior judgment involves the same subject matter if "the subsequent claim was actually litigated in the prior action or if it merely could have been raised in the prior litigation." *Int'l Bus. Machs. Corp.*, 110 F.4th at 114 (quoting *In re Hunter*, 4 N.Y.3d at 269). To determine whether subsequent claims could have been raised in the prior action, New York courts ask whether the subsequent claims "arise[] out of the same transaction or series of transactions" as the adjudicated claims. *Id.* The key question is whether the plaintiff's claim originates from "the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (citing *Smith v. Russell Sage Coll.*, 54 N.Y.2d 185 (1981)).

5

I.  **Privity**

Plaintiff claims that res judicata does not apply to the claims against Yossi's Bagels and Yossi's Pizza because those defendants were not parties to the arbitration or in privity with a party to the arbitration. Opp'n 13–15. Defendants argue that though the two entities who are parties in the instant suit were not a party to the arbitration, they both are owned by Azizo—who was a party to the arbitration—and therefore those entities are in privity with a party to the arbitration. Mot. 9–10. Because there are no factual allegations in the complaint or the arbitral documents establishing that the defendant restaurants' interests were represented by defendant Azizo in the arbitration, defendants cannot establish privity.

An ownership relationship, "standing alone, may not be adequate to establish privity." *Gulf LNG Energy, LLC v. Eni S.p.A.*, 219 N.Y.S.3d 17, 23 (1st Dep't 2024). The key question is "whether the circumstances of the actual relationship, the mutuality of interests, and the manner in which the nonparty's interest were represented in the earlier litigation established a functional representation such that the nonparty may be thought to have had a vicarious day in court." *Id.*; *see Watts*, 27 N.Y.2d at 277.

Here, defendants do not point to any allegations in the complaint or in the arbitration documents establishing that Azizo, Yossi's Bagels, and Yossi's Pizza's interests were so aligned with respect to the business relationship between Azizo and Nuseiri that the two restaurants were functionally parties to the arbitration. Indeed, the arbitration agreement and decision concerned a different restaurant—Tuscany Pizza & Diner. *See* Arbitration Decision 2. At bottom, defendants seem to argue that because the restaurants are owned by Azizo, they are in privity with Azizo concerning any business agreements or arbitrations of those agreements in which he may be involved, even if it concerns an

6

entirely different restaurant. However, that is not the law. Even if, as defendants contend, Yossi's Bagels and Yossi's Pizza were branches of the same restaurant business as Tuscany Pizza & Diner, Mot. 5, defendants do not make clear how this establishes that Yossi's Bagels and Yossi's Pizza's interests were represented in the arbitration or that they had control in the arbitration, *see Ferris*, 118 F.3d at 128 (holding that an "identity of interest is virtually essential for a finding of privity," although "such identity by itself may not be sufficient to establish privity"); *cf. Gulf Energy, LLC*, 219 N.Y.S.3d at 190 ("Here, not only does Eni S.p.A. indirectly hold 100% of the ownership interest in Eni USA, but both are also aligned by common purpose.").

Accordingly, defendants have not established that the prior action involved the same parties or their privies.

## II.     Same Transaction

Even if defendants had established that Yossi's Bagels and Yossi's Pizza were in privity with Azizo, they have failed to establish that Nuseiri's wage claims could have been raised in the arbitration because they stem from the same transaction or occurrence. *See Cho v. Blackberry Ltd.*, 991 F.3d 155, 168 (2d Cir. 2021) ("[R]es judicata applies to issues that were not raised in the prior action, if they could have been raised in that action.").

Defendants argue that the two actions are sufficiently related because plaintiff was not a wage employee but an investor who was shadowing Azizo's restaurants in preparation to operate a new restaurant. Mot. 5; Reply 2. Plaintiff asserts that his wage claims are unrelated to the subject matter of the arbitration, which was plaintiff's business relationship with Azizo. Opp'n 15–18. At the pleading stage, the factual allegations in the complaint—including the attached exhibits and documents incorporated by reference—control. Because neither the complaint nor the arbitration materials demonstrate that the

7

business relationship and wage claims stem from the same factual predicate, defendants have not established that the arbitration involved the same subject matter at issue here.

Indeed, the only allegation in the complaint that even gestures towards the purported business relationship states that "Azizo required [p]laintiff to work in [the defendant restaurants] for long hours and without any compensation . . . [a]s part of a guise to train [p]laintiff to run a non-party restaurant." Compl. ¶ 45. This passing allegation does not mention an investment relationship or the New Jersey restaurant, which were the subject matter of the arbitration. And it certainly does not suggest that the wage dispute was so intertwined with the business dispute that the claims stem from the same factual predicate. *See, e.g.*, *Lobban v. Cromwell Towers Apartments, Ltd. P'ship*, 345 F. Supp. 3d 334, 346 (S.D.N.Y. 2018) (holding that the plaintiff's workplace discrimination claims did not arise from the same transaction as his termination claim because they would "greatly expand the facts that would have to be considered"); *Pogil v. KPMG LLP*, No. 21-cv-07628, 2024 WL 4276202, at *6 (S.D.N.Y. Sept. 24, 2024) (concluding that the plaintiff's overtime claim was not "sufficiently related" to prior employment discrimination suit because the overtime claim turned on distinct facts such as "the number of hours [the] [p]laintiff worked, and the nature of [the] [p]laintiff's job duties during the relevant time").

Nevertheless, defendants attempt to broadly frame the complaint as concerning "the relationship of the parties, in the pizza industry, [from] 2022 to 2024." Reply 2. Defendants also point to the fact that the Arbitration Agreement was broad, covering not only the specific partnership at issue there, but "everything that branches out of it." Reply 2 (emphasis omitted); Arbitration Agreement 2. But the arbitration did not reach all claims relating to the "relationship of the parties, in the pizza industry," Reply 2; it was

8

limited to "disputes and controversies . . . respecting . . . the [P]artnership," Arbitration Agreement 3. And while defendants are correct that "everything that branches out of it" is a broad phrase, that does not move the needle because neither the complaint nor the arbitration award establishes that the FLSA or NYLL claims "branch out" out of Azizo and Nuseiri's business partnership.[6] Nor does the arbitration award establish that the two actions arise from the same transaction. Indeed, the Arbitration Decision states that it pertains to the "establishment and partnership of the restaurant located at 6469-6471 US 9 North Howell NJ 07731." Arbitration Decision 2.

    Despite all this, defendants argue that the claims arise from the same transaction because it is "unfathomable" that plaintiff could be a wage employee at two of Azizo's restaurants "while at the same time being a major investor and partner of Azizo in another pizza restaurant." Reply 2. However, at the motion to dismiss stage, the court must "accept[] all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor," *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019), not reject well-pled factual allegations because it finds them improbable, *Twombly*, 550 U.S. at 556 ("[O]f course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]"). The Court declines defendants' invitation to weigh the reliability of plaintiff's allegations or address the parties' factual disputes at this stage.

---

[6]    In addition, this language is subject to multiple interpretations, and at the motion to dismiss stage, the Court must "resolve any contractual ambiguities in favor of the plaintiff." *Cisco Sys., Inc. v. Synamedia Ltd.*, 557 F. Supp. 3d 464, 471 (S.D.N.Y. 2021) (quoting *Luitpold Pharms., Inc. v. Ed. Geistlich Sohne A.G. Fur Chemische Industrie*, 784 F.3d 78, 86 (2d Cir. 2015)).

Thus, defendants have failed to establish that the arbitration involved the same transaction as the instant case, and have therefore failed to establish that the doctrine of res judicata bars plaintiff's claims.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is **DENIED**. The case is respectfully referred to Magistrate Judge Vera M. Scanlon for pretrial supervision.

**SO ORDERED.**

                                                        /s/ *Natasha C. Merle*
                                                        NATASHA C. MERLE
                                                        United States District Judge

Dated:        December 19, 2025
                Brooklyn, New York